## HUGHES v. HUGHES.

(Common Pleas of New York City and County, General Term. November 4, 1895.)

EJECTMENT—DEFENSES.
> Defendant may show that the deed under which plaintiff claims was void because, at the time it was made, defendant was in possession of the land, claiming adversely to plaintiff's grantor.

Motion for a reargument. Denied.
For opinion on appeal, see 30 N. Y. Supp. 937.
Argued before BISCHOFF and PRYOR, JJ.

John J. Gleason, for appellant.
Edw. W. S. Johnston, for respondent.

BISCHOFF, J. We find no reason for ordering a reargument of this appeal. The vice of the respondent's position is that it assumes that the relation of landlord and tenant was conclusively shown to have existed between Bridget Barrett, through whom he claims title, and the appellant, or the latter's predecessor in possession, and that, therefore, the appellant was estopped from questioning the respondent's right to possession. It was, however, because the appellant was precluded from showing to the contrary of the inferences which arose from the evidence adduced for the respondent that the judgment was pronounced erroneous. The respondent was entitled to recovery only upon proof of his right to possession, not because the appellant's right to possession was not apparent. If the evidence excluded disproved a tenancy under Bridget Barrett, it was competent to the appellant still further, and for the reasons assigned in the opinion upon the decision of the appeal, to disprove the respondent's claim of seisin by showing that the instruments under which the claim was made offended against the statute which declares all grants of lands held adversely by another void.

The respondent urges petitio principii that it is to be presumed that the person in possession holds under the owner of the legal title,

and that such presumption extends to the successor of the tenant's possession. Granted, but the very evidence excluded at the trial was aimed to rebut the presumption. Motion denied, with $10 costs.